# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LINDA ANN MENDENHALL, | DOCKET NUMBER |
| Appellant, | AT-0752-15-0718-C-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 21, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Stanford J. Mendenhall</u>, Camden, Alabama, for the appellant.

<u>Toby V. Davis</u>, Esquire, and <u>Scott M. Merrifield</u>, Redstone Arsenal, Alabama, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. We MODIFY the administrative judge's analysis of the agreement's clean record and neutral reference provisions and AFFIRM the remainder of the initial decision.

## BACKGROUND

The parties entered into a settlement agreement resolving the appellant's joined Board appeals. *Mendenhall v. Department of the Army*, MSPB Docket No. AT-0752-15-0718-I-2, Appeal File (I-2 AF), Tab 6, Initial Decision (ID) at 1-2. The administrative judge entered the agreement into the record for enforcement purposes and dismissed the joined appeals as settled. *Id.* The initial decision became final after neither party filed a petition for review. ID at 3.

In relevant part, the agency agreed to cancel the appellant's removal and issue a Standard Form (SF) 50 designating her separation as a resignation; pay her $45,000; provide her a neutral reference from a designated point of contact (DPOC); and remove documents from her official personnel file (OPF) pertaining to other personnel actions. I-2 AF, Tab 7 at 2-4. In exchange, the appellant agreed to waive her Board appeal rights. *Id.* at 3.

The appellant filed a petition to enforce the settlement agreement. *Mendenhall v. Department of the Army*, MSPB Docket No. AT-0752-15-0718-C-1, Compliance File (CF), Tab 1. The agency showed that it had complied with each of its aforementioned obligations under the agreement. CF, Tab 7. In reply,

the appellant disputed the agency's evidence and reasserted her claims of breach. CF, Tab 11 at 4-28. She also challenged other actions taken by the Department of the Air Force (AF), her subsequent employer. *Id.* at 4-42.

After considering the parties' submissions and determining that the Board had authority to enforce the settlement agreement, the administrative judge issued a compliance initial decision, denying the appellant's petition for enforcement. CF, Tab 12, Compliance Initial Decision (CID) at 1-2 n.2. He determined that the agreement did not contain an alleged gag order provision and that the agency showed it had complied with the neutral reference provision. CID at 2-3. He further found that the AF's investigation into her employment history was not a basis for finding noncompliance because it was not a party to the agreement. CID at 3 n.2. He did not address the appellant's other claims of wrongdoing by the AF.

The appellant has filed a compliance petition for review, alleging that the agency breached the clean record and neutral reference provisions. Compliance Petition for Review (CPFR) File, Tab 1. The agency has filed a response. CPFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board has the authority to enforce a settlement agreement that, like the agreement in this case, has been entered into the record in the same manner as any final Board decision or order. *Haefele v. Department of the Air Force*, 108 M.S.P.R. 630, ¶ 7 (2008). As the party asserting noncompliance, the appellant bears the burden of proving by preponderant evidence that the agency breached the settlement agreement. *Id.* However, following the appellant's filing of a petition for enforcement, the agency must produce relevant, material evidence of its compliance with the agreement. *Id.*

<u>The appellant did not prove that the agency breached the clean record provision.</u>

Below, the appellant alleged that the agency failed to rescind or expunge her personnel records. CF, Tab 11 at 5-6, 11. She also alleged that the agency disclosed improper information in violation of what she termed the settlement's "gag order," which she interpreted as prohibiting the agency from disclosing any information about the settlement agreement.[2] *Id.* at 6-7, 11-12. We construe the appellant's arguments as a claim that the agency violated the agreement's non-disclosure provision. The appellant raises similar arguments on review. CPFR File, Tab 1 at 6-7.

The settlement agreement does not contain a non-disclosure provision as broad as the appellant contends. However, both the U.S. Court of Appeals for the Federal Circuit and the Board have construed settlement agreements that call for rescinding a for-cause removal and issuing an SF-50 that reflects a resignation to also contain implied provisions for expunging removal-related documents from the employee's OPF and non-disclosure of the rescinded action to third parties—in other words, a "clean record" settlement. *Conant v. Office of Personnel Management*, 255 F.3d 1371, 1376 (2001);[3] *Doe v. Department of the Army*, 116 M.S.P.R. 160, ¶ 8 (2011). The agreement expressly limited the agency's expungement obligations to the specified personnel actions, including the appellant's removal. I-2 AF, Tab 7 at 2-4. Pursuant thereto, the agency expunged the relevant personnel records from the appellant's electronic OPF. CF, Tab 7 at 18-22, 24, 27. We further find that, to the extent the implied non-disclosure provision exists and regardless of whether we rely on the agency's

---

[2] Similarly, the appellant argues that the agency violated "the Clean Record Act," which does not describe a provision of law, but rather is her shorthand reference for a Board report, i.e., U.S. Merit Systems Protection Board, Clean Record Settlement Agreements and the Law (2013). CPFR File, Tab 1 at 10; CF, Tab 11 at 5-6 & n.1.

[3] As we observed in *Allen*, any reservations that we might entertain about *Conant* are beside the point since we are bound by decisions of the Federal Circuit. *Allen v. Department of Veterans Affairs*, 112 M.S.P.R. 659, ¶ 15 (2009), *aff'd*, 420 F. App'x 980 (Fed. Cir. 2011).

or the appellant's allegedly contradictory evidence, which we discuss in more detail below, there is no indication in the record that the agency disclosed any prohibited information. CF, Tab 7 at 11-12, Tab 11 at 46, 49-50, 55.

The appellant did not prove that the agency breached the neutral reference provision.

On review, the appellant reasserts her contention that the DPOC refused to contact "many hiring officials" to provide a reference in violation of the agreement and in reprisal for whistleblowing. CPFR File, Tab 1 at 2, 6-7, 10. She argues further that the administrative judge erred in relying on the agency's evidence of compliance showing otherwise. *Id.* at 7.

The agency submitted a sworn declaration from the DPOC asserting that he only received one request for the appellant's employment information and, in response to that request, disclosed to the appellant's AF supervisor the title of the appellant's position held with the agency, the dates of her employment, and that she resigned from her position. CF, Tab 7 at 11-12. As the administrative judge found, the information he purportedly disclosed was of the type expressly permitted by the settlement agreement. CID at 2-3; I-2 AF, Tab 7 at 4. In response, the appellant submitted a sworn statement that the AF supervisor prepared in another matter. CF, Tab 11 at 45-55. Therein, he stated that, after determining that the appellant was not competently performing the duties of her position, he sought substantive information about the appellant's prior employment; however, the DPOC never "returned [his] calls." *Id.* at 49-50. The administrative judge did not expressly discuss this purported evidentiary conflict; therefore, we consider it on review.

The appellant's evidence does not refute the DPOC's assertion that he only received one reference request. CF, Tab 7 at 11-12. Sworn statements that are not rebutted are competent evidence of the matters asserted therein. *Truitt v.*

*Department of the Navy*, 45 M.S.P.R. 344, 347 (1990).[4] Moreover, the appellant has not shown that the agency's evidence is not credible. Although the declarations contradict each other in some respects, both statements are sworn, first-hand accounts signed long after the purported calls were made, and there is no other record evidence that further bolsters or discredits them.[5] CF, Tab 7 at 11-12, Tab 11 at 46, 49-50, 55; *see Borninkhof v. Department of Justice*, 5 M.S.P.R. 77, 83 (1981) (considering, among other factors, the consistency of the account with other record evidence and the absence of contradictory evidence to determine the appropriate weight to ascribe hearsay evidence). We therefore find that the agency's evidence is at least as worthy of belief as the appellant's. When evidence is in equipoise, the party with the burden of persuasion has failed to meet that burden. *See Cook v. Department of the Army*, 105 M.S.P.R. 178, ¶ 19 (2007) (citing *Knudsen v. Department of Health and Human Services*, 35 F.3d 543, 550 (Fed. Cir. 1994)). In a compliance matter, the overall burden of persuasion on the issue of breach remains with the appellant. *Turner v. Department of Homeland Security*, 102 M.S.P.R. 330, ¶ 5, *review dismissed*, 201 F. App'x 770 (Fed. Cir. 2006). Thus, we find that the appellant has not met her burden to show that the DPOC failed to respond to any other reference requests. As a result, we also find that the appellant's reprisal claim related thereto, CPFR File, Tab 1 at 2-3, is without merit, *see generally Kuykendall v. Department of Veterans Affairs*, 68 M.S.P.R. 314, 329 (1995) (finding that claims

---

[4] The Board may substitute its own credibility findings for an administrative judge's explicit or implicit credibility findings when, as here, such findings are not based on the demeanor of witnesses. *Deskin v. U.S. Postal Service*, 76 M.S.P.R. 505, 510 (1997); *see Haebe v. Department of Justice*, 288 F.3d 1288, 1302 (Fed. Cir. 2002).

[5] The appellant also submits a spreadsheet she created, which purportedly reflects numerous nonselections, but in fact contains nearly no substantive information. CPFR File, Tab 1 at 13-15. We decline to consider this evidence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that, generally, under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

of reprisal may properly be raised in a petition for enforcement to show that the agency breached a settlement agreement by acting in bad faith).

At most, the appellant's evidence contradicts the DPOC's assertion that he provided the identified employment information to her AF supervisor. CF, Tab 7 at 11-12, Tab 11 at 49-50, 55. However, that conflict is immaterial. I-2 AF, Tab 7 at 2, 4. In construing a settlement agreement, the Board looks to the terms of the agreement to determine the intent of the parties at the time they contracted. *Sweet v. U.S. Postal Service*, 89 M.S.P.R. 28, ¶ 9 (2001). To the extent that the DPOC was required to respond to reference requests from prospective employers, the AF supervisor's request was not of the type contemplated by the agreement. *Id.*; s*ee Hoffmann v. General Services Administration*, 57 M.S.P.R. 502, 507 (1994) (observing that the agency's failure to respond to a reference request in accordance with the settlement agreement would be excused if it proved that the reference request was not from a bona fide employer). Accordingly, we agree with the administrative judge that the appellant did not prove by preponderant evidence that the agency failed to comply with the neutral reference provision or any other aspect of the settlement agreement.

<u>The appellant's other allegations of error do not provide a basis for review.</u>

The appellant alleges that the administrative judge denied her a hearing or other opportunity to develop the record. CPFR File, Tab 1 at 16. She did not request a hearing below. CF, Tabs 1, 11. In any event, the decision to hold a hearing in a compliance matter is discretionary; the appellant has no right to a hearing on her petition for enforcement. *Knight v. Department of Treasury*, 113 M.S.P.R. 548, ¶ 16 (2010); 5 C.F.R. § 1201.183(a)(3). Moreover, she has not shown that the administrative judge otherwise prevented her from submitting argument and evidence in support of her claim. Rather, we find that he properly notified her of her burden of proving noncompliance and allowed her the opportunity to engage in discovery and supplement the record. CF, Tab 2 at 1-3. He also considered the appellant's additional submission, even though it was

untimely. CID at 2 n.1. Therefore, the appellant has not shown that the administrative judge erred in this regard.

Accordingly, we deny the appellant's petition for review and affirm the initial decision, as modified.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) <u>Judicial or EEOC review of cases involving a claim of discrimination</u>**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.